Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5072 | **DATE** | July 31, 2002 |
| **CASE TITLE** | U.S. ex rel. Joseph Garst v. Lockheed Integrated Solutions Co. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendants' motion to dismiss the third amended complaint [ ] is granted. The relator's third amended complaint is dismissed with prejudice. The relator's motion to strike matter from defendants' motion to dismiss [   ] is denied as moot.

(11)        x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | number of notices | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 0 2 2002 | | |
| ✓ | Docketing to mail notices. | date docketed | | 100 |
| | Mail AO 450 form. | S.B docketing deputy initials | | |
| | Copy to _____ | | | |
| KAM | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  02 AUG -1 PH 2: 34  FILED-ED 10 | date mailed notice  KAM  mailing deputy initials | |
| | | Date/time received in central Clerk's Office (Reserved for use by the Court) | | |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

AUG 0 2 2002

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JOSEPH E. GARST, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 98 C 5072 |
| LOCKHEED-MARTIN CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Before the court is defendants' motion to dismiss the third amended complaint.  For the reasons explained below, the motion is granted.

### BACKGROUND

Joseph Garst (the "relator") is a former employee of the United States Department of Veterans Affairs (the "VA") who initiated this <u>qui</u> <u>tam</u> action against the Lockheed-Martin Corporation and other Lockheed-related entities (collectively, "Lockheed") under the False Claims Act (the "FCA"), 31 U.S.C. § 3729.  This action seeks to recover damages and civil penalties on

behalf of the United States arising from purported false or fraudulent claims for payment presented to the VA.[1]

We fully outlined the basic facts of this case, as alleged by plaintiff and taken as true for purposes of this motion, in our memorandum opinion of March 29, 2001. See <u>United States ex rel. Garst v. Lockheed Integrated Solutions Co.</u>, 158 F. Supp. 2d 816 (N.D. Ill. 2001). In sum, in 1990, the VA issued a Request for Proposal for a nationwide office automatic system for the VA. The project was known as NOAVA, an acronym that stands for Nationwide Office Automation--Veterans Administration. The VA awarded the NOAVA contract to Lockheed Integrated Solutions, a wholly-owned subsidiary of the Lockheed-Martin Corporation. Plaintiff claims that Lockheed defrauded the VA in relation to the NOAVA contract.

The relator has filed three previous complaints. His third amended complaint (the "complaint") contains ten counts, all arising under the FCA. The relator claims that Lockheed presented false claims to the VA, used false statements to get such false claims paid, used false statements to conceal an obligation to

---

[1] The FCA authorizes private individuals to file suit against any entity alleged to have presented a false or fraudulent claim for payment to the federal government. See 31 U.S.C. § 3730(b). After these private individuals, known as "relators" or "qui tam plaintiffs," file their complaints under seal, the government then has an opportunity to investigate and decide whether to intervene. If the government decides not to intervene, the complaint is unsealed and the suit proceeds. The relator is entitled to a share of the proceeds if the action is successful, the amount depending, in part, on whether the government intervenes. If the government joins the suit, the relator is eligible to receive between fifteen and twenty-five percent of the judgment. Here, the government elected not to intervene, so the relator is eligible to collect twenty-five to thirty percent of the proceeds if the action is successful. See § 3730(d)(1), (2).

repay money to the VA, and entered into a conspiracy to defraud the VA. In addition, the relator alleges that Lockheed violated the Ethics in Government Act, 18 U.S.C. § 207(a)(2) and (c), and the Byrd Amendment to the Procurement Integrity Legislation, 31 U.S.C. § 1352(a)(1) and (b)(1).[2] The complaint alleges that the United States suffered actual damages in excess of $150,000,000.

Defendants brought this motion to dismiss on the grounds that the complaint fails to plead fraud with particularity and fails to state a claim under the FCA. On May 8, 2002, we directed the relator to file a more definite statement because it appeared that the complaint failed to comply with Federal Rules of Civil Procedure 8 and 9. After the relator filed a more definite statement, defendants supplemented their motion to dismiss, and the relator responded to the supplement.[3]

### DISCUSSION

Because the FCA prohibits entities from presenting to the government "false or fraudulent claims" for payment, the relator must meet the heightened pleading requirement of Federal Rule of

[2] The Ethics in Government Act essentially prohibits former government officials now acting as lobbyists from attempting to improperly influence their former employers. 18 U.S.C. § 207.

The Byrd Amendment to the Procurement Integrity Legislation prohibits federal contract recipients from using federal funds to pay lobbyists to influence executive or legislative decision-making in connection with a specific federal contract. The Byrd Amendment also requires that persons receiving a federal contract file certain disclosures and certifications regarding lobbying. 31 U.S.C. § 1352.

[3] The relator's motion to strike certain matter from defendants' motion to dismiss is denied as moot because we need not consider (nor have we considered) the portion of the motion to which the relator objects.

Civil Procedure 9(b) that the alleged fraud "be stated with particularity." <u>United States ex rel. Robinson v. Northrop Corp.</u>, 149 F.R.D. 142, 145 (N.D. Ill. 1993). This has been taken to mean that the "who, what, when, and where" of the fraud must be pleaded. <u>See id.</u>

"[T]he particularity demands of pleading fraud under Rule 9(b) in no way negate the commands of Rule 8." <u>Vicom, Inc. v. Harbridge Merchant Servs., Inc.</u>, 20 F.3d 771, 776 (7th Cir. 1994). Pursuant to Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) requires each averment of a pleading to be "simple, concise, and direct." Taken together, these two requirements "underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1217 (2d ed. 1990). The primary purpose of these provisions is rooted in fair notice; a "complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." <u>Wade v. Hopper</u>, 993 F.2d 1246, 1249 (7th Cir. 1993) (citation omitted).

In our memorandum opinion of March 29, 2001, we dismissed the relator's first amended complaint for failure to plead fraud with particularity as required by Rule 9(b) and for failing to state an FCA claim. We cautioned that "[a]ny amended complaint should meet

the pleading requirements explained in this opinion." 158 F. Supp. 2d at 825. Since then, the relator has amended his complaint two times. The third amended complaint not only suffers from many of the same defects as the prior complaints, it is so needlessly prolix and confusing that it fails to comply with Rule 8. We recognize that the facts may be complex, but "[t]he necessity for complexity . . . does not give litigants license to plead by means of obfuscation." Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990). The third amended complaint is 109 pages and contains 345 paragraphs. It is an example of "shotgun" pleading, meaning that "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Bd. of Trustees, 77 F.3d 364, 366 (11th Cir. 1996). "It goes without saying that a plaintiff with a solid case does not need to file a shotgun complaint." Byrne v. Nezhat, 261 F.3d 1075, 1130 n. 108 (11th Cir. 2001).

The relator had yet another opportunity to set forth his claims in an understandable manner when we directed him to file a more definite statement. We warned him of our belief that the third amended complaint failed to comply with Rules 8 and 9. We also specifically directed: "The [more definite] statement should be *brief* and should, *as to each count*: (1) identify specific false claims for payment or specific false statements made in order to obtain payment; (2) if a false statement is alleged, connect that

statement to a specific claim for payment and state who made the
statement to whom and when; and (3) briefly state why those claims
or statements were false." (Order of May 8, 2002) (emphasis in
italics added).

The more definite statement is far from brief; it is 23 pages
long and has 27 exhibits. By and large, it fails to connect
allegedly false statements to specific claims for payment, and it
does not state intelligibly <u>why</u> each particular claim or statement
is false. As defendants point out, the relator offers reasons why
he believes <u>all</u> of the listed claims are false, rather than
explaining why each specific claim is false as he was directed to
do. While we might be able to laboriously parse the more definite
statement to identify a valid claim complying with our previous
orders, we are not required to do so. <u>See Jennings</u>, 910 F.2d at
1436 (a complaint must be presented with intelligibility and
clarity "sufficient to avoid requiring a district court or opposing
party to forever sift through its pages in search of . . .
understanding" "whether a valid claim is alleged and if so what it
is."). Moreover, the relator's use of "incorporation by reference"
with regard to certain counts does not comply with our order to
identify which allegedly false statements pertain to which count of
the complaint.

One of the relator's own exhibits--a chart containing
"extracts" of his "preliminary draft summary exhibit, prepared in

anticipation of trial" (Response to Defendants' Supplement at 12 & Enc. 3)--demonstrates the difficulty of identifying a valid claim. The chart contains a list of purported false claims and corresponding columns titled "specific false statements," "reason why claim is false," "third amended complaint paragraph," "third amended complaint exhibit," and "more definite statement exhibit," which identify the location of the relator's allegations in the listed documents. Instead of assisting us, however, the chart (and even the need for a chart) confirms our belief that laborious parsing of the complaint would be necessary.

"Despite receiving express directions about what they had to do, counsel did not do it. At some point the train of opportunities ends." <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996) (citation omitted). We cannot imagine attempting to try this case to a jury on the third amended complaint; it simply cannot serve as an orderly basis for litigation. This court has given the relator the benefit of the doubt by granting him numerous opportunities to file a complaint that complies with the Federal Rules of Civil Procedure. He has failed to do so, and there is no indication that he might be able to state a valid claim. Therefore, this dismissal will be with prejudice.

## CONCLUSION

For the foregoing reasons, defendants' motion is granted, and the relator's third amended complaint is dismissed with prejudice.

The relator's motion to strike matter from defendants' motion to dismiss is denied as moot.

DATE:     July 31, 2002

ENTER:

John F. Grady, United States District Judge